UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Multi Star Hotels, LLC, | Civ. No. 24-1692 (PAM/EMB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| West Bend Mutual Insurance Company, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to stay and compel appraisal in this insurance dispute. The Court held a hearing on this matter on August 6, 2025. As the Court ruled at the hearing and more thoroughly explains below, the Motion is granted in part as to the request to compel appraisal and denied in part as to the request for a stay.

**BACKGROUND**

Plaintiff Multi Star Hotels, LLC, owns a hotel in Shakopee, Minnesota, which it alleges sustained damage due to heavy wind and hail on May 11, 2022. Plaintiff then notified its insurer Defendant West Bend Mutual Insurance Company of the damage. On September 12, 2023, Defendant informed Plaintiff in writing that it denied coverage for the claim, believing that the damage was due to wear and tear, which is not covered under the policy. (Docket No. 38-1.) This lawsuit followed, and the Amended Complaint raises only a breach of contract claim.

Minn. Stat. § 65A.26 requires every insurance policy for hail damage to include language for appraisal if the parties cannot agree as to the amount of loss. The policy tracks the statutory language and states:

> If we and you disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made of a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(Docket No. 29 at 3.)

Defendant notified Plaintiff of its intent to invoke appraisal in March 2025. (Decl. of Kevin Kennedy (Docket No. 30) Ex. 4.) But no appraisal happened at that time, which Defendant maintains was due to Plaintiff's disagreement as to using an out-of-state umpire. Subsequently, Defendant filed the instant Motion to stay the case and compel appraisal.

**DISCUSSION**

The parties agree that two types of disputes trigger a party's right to demand appraisal: actual cash value or the amount of loss. See Minn. Stat. § 65A.01. Defendant contends Minn. Stat. § 65A requires this dispute to be decided through an appraisal process, because the parties disagree as to the amount of loss. Plaintiff, however, argues that because Defendant denied coverage, there is no amount of loss in dispute, and thus there is no basis for invoking the appraisal process. Rather, Plaintiff asserts this dispute is a legal issue for the Court to consider.

2

The Eighth Circuit Court of Appeals described how to distinguish "the line between liability and damage questions[, which] is not always clear." Axis Surplus Ins. v. Condor Corp., 19 F.4th 1062, 1064 (8th Cir. 2021).  As in the instant case, the insurance company in Axis contended the damage in dispute was caused by preexisting conditions, while the insured asserted the damage was due to hail.  Id. at 1063.  The Eighth Circuit explained:

> If the question here were *solely* about whether hail is a covered peril or certain preexisting conditions are excluded, then these would be "legal questions for the court."  But when, . . . it "involves separating loss due to a covered event," [a] storm, "from a property's preexisting condition," the question is one for the appraiser.

Id. at 1064.  This case falls into the latter category—the issue is whether the damage to the hotel was caused by the hotel's preexisting condition or the May 2022 storm.  Therefore, the matter shall proceed to appraisal.

Even so, Plaintiff argues the Motion should be denied because Defendant failed to timely invoke its appraisal right under the policy or state law.  The Minnesota Court of Appeals recently determined that "the two-year time limit set out in Minn. Stat. § 65A.01, subd. 3, does not apply to a demand for an appraisal so long as the insured may commence a timely suit against the insurer." Ariel, Inc. v. State Farm Fire & Cas. Co., 15 N.W.3d 673, 685 (Minn. Ct. App. 2024).  The Ariel court added that because the insured commenced litigation within the statute's two-year limitations period, the insured's demand for appraisal was timely, despite being made four months after the limitations period lapsed.  Id. at 678.  Here, the Court finds this matter is similar enough to Ariel in that Plaintiff appropriately preserved its right to seek redress by filing this lawsuit before

3

the statute of limitations lapsed, and Defendant appropriately seeks resolution by moving to compel appraisal.

Finally, Plaintiff argues the Motion is untimely because it was filed more than one month after the close of discovery, and staying the case would unnecessarily delay this matter, which is to be trial ready by November 1, 2025.  Defendant contends no trial date has yet been set, and Defendant's counsel submitted a declaration indicating that appraisals are being scheduled for August and September, which would not conflict with the November 1 date.  (Aff. of Kevin J. Kennedy (Docket No. 42) ¶ 3.)  As the Court indicated at the hearing, this lawsuit is to be trial ready on November 1, 2025.  (See Am. Sched. Ord. (Docket No. 17) at 4.)  Thus, in order to expeditiously move this proceeding forward, Defendant's Motion is denied as to the request for a stay.  Because this case will continue toward resolution, the Court finds that Plaintiff will not be prejudiced by moving forward with appraisal, as no delay will occur.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. Defendant's Motion (Docket No. 35) is **GRANTED in part** as to the Motion to compel appraisal and **DENIED in part** as to the request to stay the case;

2. Any appraisal shall be completed on or around October 1, 2025, in anticipation of the November 1 trial-ready date; and

3. Any umpire selected shall be from Minnesota.

Dated: August 11, 2025

s/ *Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge